# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:18-cr-483-CEH-JSS

RILEY ANTHONY HARRIS
_____

## ORDER

This cause comes before the Court on Defendant Riley Anthony Harris's Motion for a Reduction or Modification of a Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(i) (Doc. 304). Proceeding *pro se*, Harris requests compassionate release because of the sentencing changes applicable to violations of 18 U.S.C. § 924(c). The Government has responded in opposition to Harris's motion (Doc. 305). Harris has also submitted a letter that the Court construes as a reply to the Government's opposition (Doc. 306).[1]

Having reviewed the motion and being fully advised in its premises, the Court concludes Harris's motion for a sentence reduction is due to be denied.

## I.   BACKGROUND

On September 13, 2019, Harris was sentenced to an aggregate term of 168 months' imprisonment. Doc. 255. In exchange for his guilty plea, he received two

---

[1] Although Harris's letter was sent to the United States Court of Appeals for the Eleventh Circuit, it was addressed to this Court. Doc. 306. The letter references the Government's opposition and makes additional arguments in support of compassionate release. *Id.* The Court therefore will liberally construe it as a reply motion. *See Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005) (courts must construe liberally the pleadings of a pro se petitioner).

consecutive 84-month terms for violations of 18 U.S.C. § 924(c)(1)(A)(ii) occurring on or about January 3, 2018, and March 31, 2018. *Id.* He also received a sentence of time served for a third violation of § 924(c) that occurred on or about June 2, 2018. *Id.* Now 27 years old, Harris is incarcerated at FCI Jesup.

Harris moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that an extraordinary and compelling reason for a reduction in his sentence exists because the First Step Act of 2018 prohibited "stacking" of multiple counts under § 924(c). Doc. 304 at 11, 13-15. He enclosed his application to the BOP for compassionate release, which was denied, and a recommendation letter from the teacher of his GED course. *Id.* at 12-21.

Responding in opposition, the Government argues that Harris has not established the existence of an extraordinary and compelling reason for compassionate release. Doc. 305. The resentencing provisions of the First Step Act related to § 924(c) do not provide him relief or change the sentence he would receive if he were sentenced today. *Id.* at 7-8. The Government further argues that, in any event, the sentencing factors listed in 18 U.S.C. § 3553(a) disfavor a sentence reduction because of Harris's criminal history and dangerous actions during the instant offenses. *Id.* at 9-10.

In reply, Harris shares that he has spent his incarceration increasing his religious faith and improving his relationship with his mother. Doc. 306 at 1. He further explains that his family—which includes his mother, grandmother, young children, and their mothers—has been struggling with medical and financial issues, and he wishes to be released so that he can help them. *Id.* at 3-4. Harris asserts that his

incarceration has allowed him to understand and learn from the mistakes that led to his convictions. *Id.*

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed

> > under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 § 3553(a), as applicable, as part of the analysis.[2] *See* § 3582(c)(1)(A).

## III. DISCUSSION

As a threshold matter, the Court finds, as the Government concedes, that Harris has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Harris provided a copy of the application for compassionate release that he submitted to the Bureau of Prisons more than 30 days before he filed his motion with this Court. Doc. 304 at 11-16. The Government agrees, and the Court finds, that Harris has satisfied the exhaustion requirement. Doc. 305 at 6.

However, Harris has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is

5

determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Harris is 27 years old and did not become incarcerated until 2019. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). Harris argues that the elimination of "stacking" for violations of 18 U.S.C. § 924(c) is an extraordinary and compelling reason that warrants his release. Doc. 304 at 11. He further highlights the rehabilitation he has undergone in prison and his family's need for his assistance. *Id.* at 18; Doc. 306 at 2-4. None of these reasons permit the Court to grant compassionate release.

First, the First Step Act of 2018's amendment to § 924(c) does not provide a basis for compassionate release. Section 403 of the First Step Act clarified the circumstances in which an enhanced sentence for a subsequent firearm conviction could be imposed under 18 U.S.C. § 924(c)(1)(C). Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5222 (2018). Section 924(c)(1)(C) imposes a mandatory minimum sentence of 25 years for a defendant who is convicted under § 924(c)(1)(A) after having previously been convicted under the same subsection. The Eleventh Circuit has explained section 403 of the First Step Act as follows:

> Prior to the First Step Act, 18 U.S.C. § 924(c) contained a "stacking" provision where, in the case of a second or subsequent conviction under § 924(c), a defendant was to be "sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Section 403(a) of the First Step Act amended this language so that the 25-year mandatory minimum on a second § 924(c) violation only applies if the first § 924(c)

6

conviction has become final. First Step Act § 403(a).

*United States v. Thompson*, 846 F. App'x 816, 818 (11th Cir. 2021).

Here, Harris was already sentenced in accordance with the amendment to § 924(c) in the First Step Act. He was convicted of three violations of § 924(c)(1)(A). Before the amendment, he would have been subject to a mandatory minimum of 25 years because the counts would have been "stacked." Because of the amendment, however, the 25-year mandatory minimum did not apply to him since at the time of sentencing he had no *prior* convictions under § 924(c). Instead, he received the minimum term of seven years of incarceration for two of the three counts.[3] The sentences were run consecutively, as required by § 924(c)(1)(D)(ii)—a subsection that was not changed by the First Step Act. Harris is therefore not entitled to relief because of the elimination of "stacking" for convictions under § 924(c).

Moreover, none of Harris's other stated reasons fall within one of the grounds listed in the policy statement in U.S.S.G. § 1B1.13, cmt. n.1. While the Court commends Harris for his program participation and his efforts to improve his faith, family relationships, and outlook, the policy statement does not permit the Court to grant compassionate release based upon a defendant's rehabilitation or any other reason not listed in the statement. *Id.*; *see Bryant*, 996 F.3d at 1265-66. Similarly, the needs of Harris's family members do not constitute an extraordinary and compelling reason for release. While the policy statement lists "family circumstances" as a

---

[3] The Court granted a downward departure from the guidelines range for one of the three counts pursuant to 18 U.S.C. § 3553(e). *See* Doc. 251 at 1-2; Doc. 244.

permissible reason, these circumstances are defined only as: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children; (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n. 1(C). Because Harris has not alleged either of these circumstances, his family's need for his assistance does not constitute a basis for compassionate release.

Harris has not established an extraordinary and compelling reason that permits the Court to grant compassionate release.[4] The motion is therefore due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant Riley Anthony Harris's Motion for a Reduction or Modification of a Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(i) (Doc. 304) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 4, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] Because the Court has determined that Harris is not eligible for compassionate release based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See* Doc. 305 at 9-10.