**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:18-cr-483-CEH-JSS

RILEY ANTHONY HARRIS
_____

**ORDER**

This cause comes before the Court on Defendant Riley Anthony Harris's second and third motions for compassionate release (Docs. 314, 316). Proceeding *pro se*, Harris requests compassionate release based upon his family circumstances and sentencing changes applicable to violations of 18 U.S.C. § 924(c). The Government opposes Harris's motions (Docs. 315, 319).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motions.

     **I.**        **BACKGROUND**

In 2018, Harris was arrested for a series of armed robberies of AT&T stores. Doc. 226. He pleaded guilty to two violations of 18 U.S.C. § 924(c)(1)(A)(ii), occurring on or about January 3, 2018, and March 31, 2018. Doc. 255. Harris was sentenced on September 6, 2019, to an aggregate term of 168 months' imprisonment. Doc. 255. He also received a sentence of time served for a third violation of § 924(c) that occurred on or about June 2, 2018. *Id.* Now 29 years old, Harris is incarcerated at FCI Jesup.

Harris filed his first *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on May 17, 2021. Doc. 304. He argued that an extraordinary and compelling reason for a sentence reduction existed because the First Step Act of 2018 prohibited "stacking" of multiple counts under § 924(c). *Id.* The Court denied the motion on November 4, 2022. Doc. 309. It found that he did not establish the existence of an extraordinary and compelling reason that warrants compassionate release, in part because Harris was already sentenced in accordance with the amendment to § 924(c) in the First Step Act. *Id.*

Harris now moves for compassionate release again, citing three primary reasons that a sentence reduction is warranted. Doc. 314. First, he again contends that his sentence was improperly stacked under the First Step Act. Doc. *Id.* at 3. Second, he argues that a conviction for marijuana possession increased his sentence in a manner that would not be required under the current law. *Id.* at 3-4. Third, he reports the incapacitation of his mother, the only available caregiver for one of his minor children. *Id.* at 4-6. In support, Harris provides records of his prison programming and his mother's medical condition, as well as reference letters from his mother and a pastor. *Id.* at 8-27.

Responding in opposition, the Government argues that Harris has not established the existence of an extraordinary and compelling reason for compassionate release. Doc. 315. The Government contends that neither the anti-stacking provision of the First Step Act nor Harris's marijuana possession conviction are relevant to his sentence. *Id.* at 5-9. Further, it argues that Harris failed to establish that his mother's

2

medical conditions constitute incapacitation or that she is the only available caregiver for his child. *Id.* at 10-13.  Finally, the Government asserts that the sentencing factors under § 3553(a) counsel against relief. *Id.* at 13.

In his third motion for compassionate release, filed on September 9, 2024, Harris responds to some of the Government's arguments and reiterates his contention about the First Step Act's anti-stacking provision. Doc. 316.  He also argues that the Government misstated his criminal history, *id.* at 3-4, which the Government concedes in its response but notes that the error occurred in its response to Harris's first motion, not the second. Doc. 319 at 3-5.  Harris also encloses a letter to the Court, in which he explains the circumstances of his offense, the personal losses and harsh conditions of confinement that he experienced while incarcerated during the COVID-19 pandemic, and additional information about the family circumstances he discussed in his second motion. Doc. 316-1.  With respect to the latter, Harris provides new letters and updated medical records from his mother, a reference letter from his case manager, a release plan, and records relating to his son's custody arrangement and behavior in school. Doc. 316-3.

The Government responds to Harris's third motion and argues that it also fails to state a compelling basis for compassionate release, because the personal circumstances he describes do not rise to the level of extraordinary or compelling reasons under  U.S.S.G. § 1B1.13(b). Doc. 319 at 5-8.

3

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c), which states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

>                …
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

> (1) Medical circumstances
> (2) Age
> (3) Family circumstances
> (4) Victim of abuse
> (5) Other reasons
> (6) Unusually long sentence.

U.S.S.G. § 1B1.13(b). Each of these circumstances is further defined in the Guidelines' policy statement. The policy statement definitions are binding on courts in this Circuit. *Bryant*, 996 F.3d at 1262.

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) or § 2582(c)(2) is present, it must consider all applicable factors listed in

5

18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[1] *See* § 3582(c)(1)(A); *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

## III. DISCUSSION

Harris argues that both subsections of 18 U.S.C. § 3582(c) provide a basis for a sentence reduction. With respect to § 3582(c)(2), he identifies two reasons his sentence would be lower if it were imposed today. Doc. 314 at 3-4; Doc. 316 at 1, 3. However, neither offers him relief.

First, Harris's argument regarding the anti-stacking provision of the First Step Act is based on a misconception of the provision. He argues that the anti-stacking amendment rendered consecutive sentencing for multiple violations of 18 U.S.C. § 924(c) at once unlawful. Doc. 314 at 3; *see also* Doc. 316 at 3 (arguing the First Step Act "eliminated…the 'stacking feature' that required a defendant to serve those sentences consecutively."). Because he was prosecuted for three violations of § 924(c)

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

at once, he argues he cannot receive consecutive sentences. *Id.* Harris continues to misunderstand the amendment. As recounted by the Eleventh Circuit in a decision on which Harris relies,

> Prior to the First Step Act, 18 U.S.C. § 924(c) contained a "stacking" provision where, in the case of a second or subsequent conviction under § 924(c), a defendant was to be "sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Section 403(a) of the First Step Act amended this language so that the 25-year mandatory minimum on a second § 924(c) violation only applies if the first § 924(c) conviction has become final.

*U.S. v. Thompson*, 846 F. App'x 816, 818 (11th Cir. 2021). Here, however, Harris was not sentenced to the 25-year mandatory minimum, because he did not have a prior violation of § 924(c) that was final at the time of his conviction. Thus, he was already sentenced in accordance with the anti-stacking provision of the First Step Act. Contrary to his arguments, the anti-stacking amendment did not eliminate or modify the provision of § 924(c) that mandates consecutive sentencing for a violation of § 924(c). *See* 18 U.S.C. § 924(c)(1)(D)(ii). The prohibition against concurrent sentencing continues to apply even to other violations of § 924(c) that were not final, as in Harris's case. *See, e.g.*, U.S. Sentencing Comm'n, *The First Step Act of 2018: One Year of Implementation* 35 (2020) ("The First Step Act did not make any changes to the other penalty provisions of section 924(c) and, as a result, if an offender commits multiple violations of section 924(c) during the course of a crime, the five-, seven-, and ten-year penalties will be imposed consecutively at one sentencing."). Harris's sentence is lawful under the First Step Act and would not be different if it were imposed today.

7

Next, Harris misapprehends the impact of a conviction under § 924(c) on the criminal history section of the sentencing guidelines. He argues that the Court should reduce his sentence because he was sentenced under a guidelines range that has subsequently been lowered: specifically, he received an additional criminal history point for a marijuana possession offense, and he asks the Court to reduce his sentence to eliminate the impact of the additional point. Even assuming the Court could do so, however, the elimination of one or more criminal history points would not affect Harris's sentence. This is because a defendant who is convicted of § 924(c) is subject to "the minimum term of imprisonment required by statute"—his sentence is not based upon his criminal history. *See* U.S.S.G. § 2K2.4(b). In Harris's case, the statutory minimum for brandishing a firearm during a crime of violence or a drug trafficking crime is seven years for each count. 8 U.S.C. § 924(c)(1)(A)(ii).[2] Because Harris's conviction for marijuana possession did not increase his sentence, it is not a basis for a sentence reduction. Harris has not established that a sentence reduction is lawful under 18 U.S.C. § 3582(c)(2).

Harris also moves for compassionate release under § 3582(c)(1), arguing that his family circumstances constitute an extraordinary and compelling reason that warrants a sentence reduction. Doc. 314 at 4-6. Specifically, he explains that the only

---

[2] In his second motion, Harris incorrectly states that the mandatory minimum is five years for conviction of a first § 924(c) offense. Doc. 316 at 2. Where the weapon is brandished, as it was in Harris's offenses, the minimum term of imprisonment is seven years. *See* 18 U.S.C. § 924(c)(1)(A)(ii).

8

available caregiver for his minor son, his mother, has become incapacitated due to a medical condition in her feet. *Id.*; *see also* Doc. 316-1 at 3.

The Guidelines' policy statement defines a defendant's "family circumstances" which constitute an extraordinary and compelling for compassionate release as, *inter alia*, "[t]he death or incapacitation of the caregiver of the defendant's minor child[.]" U.S.S.G. § 1B1.13(b)(3)(A). The policy statement does not define "incapacitation." The Bureau of Prisons defines this ground for compassionate release as follows: "the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." Fed. Bureau of Prisons, *Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* 7 (Jan. 17, 2019). Alternatively, Merriam-Webster defines incapacitation as "deprived of capacity or natural power: made incapable of or unfit for normal functioning." Merriam-Webster, Incapacitated (Nov. 14, 2024), https://www.merriam-webster.com/dictionary/incapacitated. Harris has not established the existence of such a circumstance.

The evidence provided with Harris's motions does adequately establish that the mother of his minor son, D.H., is unable to care for D.H., and that Harris's mother has custody over D.H. instead. Doc. 316-3 at 16-17, 20-36, 56; Doc. 314-1 at 18. The evidence also establishes that caring for D.H. has not been without difficulty for Harris's mother. She has experienced severe foot pain since 2022 that has at times rendered her unable to stand or walk, resulting in a two-month medical leave from her

9

job as a teacher in late 2023. Doc. 314-1 at 7-17; Doc. 316-3 at 1, 12-15. She indicated that she normally spends most of her workday on her feet, but the pain has sometimes forced her to sit the whole time she is teaching. *Id.* at 13. She stated in one letter that "[t]he only relief for my feet is to avoid being on them for more than 2 to 3 hours consecutively." *Id.* at 1. In all, her "numerous health challenges" have made D.H.'s care "an uphill battle." Doc. 314-1 at 18. Harris explains that his mother has also had to miss work because of D.H.'s behavioral problems, which has impacted her financially. Doc. 316-1 at 3.

Significantly, however, Harris's mother does not state that she *cannot* care for D.H., despite the challenges she faces. Her description of her medical symptoms suggests greater difficulty with working, which typically requires her to be on her feet "for more than 2 to 3 hours consecutively," than with serving as the caregiver for a minor child. *See id.* at 1, 13. Nor does she indicate that she is D.H.'s only available caregiver. *See U.S. v. Ortiz-Lopez*, No. 8:11-cr-48, 2023 WL 3172560, *2-3 (M.D. Fla. May 1, 2023) (Covington, J.) (caregivers' health issues and receipt of disability benefits were insufficient to establish that they were incapable of caring for defendant's children or that no other caregivers were available). Although Harris's desire to care for his son is commendable, the evidence does not establish that D.H.'s only available caregiver is incapacitated, such that the situation constitutes an extraordinary and compelling circumstance that warrants compassionate release.[3]

---

[3] Harris also argues that the change to § 924(c), coupled with the evidence of his rehabilitation, constitute an extraordinary and compelling reason for compassionate release. Doc. 316 at 2-

Even if Harris had established the existence of an extraordinary and compelling circumstance, a reduction in his sentence is not supported by the § 3553(a) sentencing factors. *See U.S. v. Moss*, No. 23-14055, 2024 WL 4647990, *2 (11th Cir. Nov. 1, 2024) (affirming denial of compassionate release, although defendant was the only person willing to be a caregiver for his minor daughter after her mother lost parental rights, because a reduction in his sentence was not supported by the § 3553(a) factors).

As it did in its prior Order, *see* Doc. 309 at 7, the Court acknowledges Harris's positive programming and rehabilitative efforts during his incarceration. Harris also appears to enjoy a strong support system from his mother and religious community. The Court encourages Harris to continue availing himself of the opportunity to rehabilitate and maintaining his community ties, including his relationship with his children. The Court is also sympathetic to the personal circumstances Harris describes, including his experience during the COVID-19 pandemic and his family circumstances. However, these factors do not overcome the remaining § 3553(a) factors, including the seriousness of the offenses and the promotion of deterrence and respect for the law. Harris has not served even one of the minimum terms that the legislature has mandated for his offenses. In all, he has not established that compassionate release is warranted. His motions are therefore due to be denied.

Accordingly, it is **ORDERED**:

---

3. Because he was already sentenced in accordance with the change to § 924(c), as explained above, this argument is unavailing. And, as Harris acknowledges, rehabilitation alone cannot constitute an extraordinary and compelling reason. *Id.*, citing 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d).

1. Defendant Riley Anthony Harris's second and third motions for compassionate release (Docs. 314, 316) are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 2, 2024

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties